Filed 2/2/23  Ferrari v. Capistrano Beach Care Center CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DEBORAH FERRARI et al., | |
| Plaintiffs and Respondents, | G060873 |
| v. | (Super. Ct. No. 30-2021-01209277) |
| CAPISTRANO BEACH CARE CENTER, LLC, et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Richard J. Oberholzer, Judge.  (Retired judge of the Kern Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed in part and remanded in part with instructions.

Lewis Brisbois Bisgaard & Smith, Lann G. McIntyre, Suzanne L. Schmidt, Kathleen M. Walker, Jeffrey S. Healey and Tracy Forbath, for Defendants and Appellants.

Gharibian Law, Art Gharibian, Alexander H. Feldman and Justin L. Vitug, for Plaintiffs and Respondents.

## INTRODUCTION

Capistrano Beach Care Center, LLC, and Cambridge Healthcare Services, LLC (collectively Capistrano), appeal from an order of the trial court denying their petition to compel arbitration in an action brought by Deborah Ferrari on behalf of herself and her deceased husband, Charles Koelzer. Ferrari sued Capistrano, a rehabilitation facility, after her husband died as a result of the last of three falls occurring during the week after his admission. Capistrano moved to compel arbitration on the grounds that Ferrari, as Koelzer's agent, had agreed to arbitration any claim he had against the facility and that she had also agreed to arbitrate any claim she herself had.

The court denied the petition to compel arbitration on the ground that Capistrano had failed to carry its burden to show that Ferrari was Koelzer's agent, either actual or ostensible, and was authorized to waive his right to a jury trial.

We partially affirm the order. The trial court's decision that Capistrano failed to carry its burden is reversible only if its evidence was "uncontradicted and unimpeached." Ferrari's evidence contradicted Capistrano's in nearly every aspect, and the trial court's ruling was based on this evidence. We therefore affirm the order denying Capistrano's petition to compel the arbitration of Koelzer's claims against it.

The trial court did not, however, rule on the issue of whether Ferrari's own claim, for wrongful death, was arbitrable. We return the matter to the trial court to rule on this issue.

## FACTS

Koelzer was admitted to Capistrano at age 79 in July 2020, after being hospitalized for pneumonia. At his admission, the Capistrano nursing staff allegedly failed to assess him for risk of falls, despite his having a history of falls, muscle weakness, and difficulty walking.

2

During the week Koelzer resided at Capistrano, he fell three times. The third time he fractured his skull and began bleeding into his brain. He died two months later from traumatic brain injury.

Koelzer's wife, Ferrari, sued Capistrano on his behalf for elder abuse, negligent care, and violation of Health and Safety Code section 1430. She sued on her own behalf for wrongful death.

Capistrano moved in superior court to compel arbitration. Along with a declaration from its counsel attaching the arbitration agreement, Capistrano submitted an unusual fill-in-the-blanks declaration from one Amy Magallon. The document is headed "**Declaration of** <u>Koelzer, Charles</u> **(name of declarant)**."[1] Magallon then presumably filled in blanks for her name, employer, job title, and date of employment. The next paragraph asserted the date and time of her meeting with "<u>Deborah Ferrari (wife)</u> (name of the resident's agent) to go over the admissions process." The text then stated that the arbitration agreement "was explained to the resident and/or resident's agent." The blank for the language used was filled in as "<u>English</u> (language) by _____ (the person who either spoke to the resident or the resident's agent [*sic*])." The latter blank was not filled in.

The fourth paragraph of the preprinted declaration allowed the declarant to choose one of four options: "[1.] The Resident AGREED to and signed the Agreement; OR [2.] The Resident was unable to sign himself/herself. The Residents [*sic*] authorized _____ (name of authorized agent) to sign the Agreement on his or her behalf. A copy of the Agent's Power of Attorney and/or Health Care Directive was requested; OR [3.] The Resident instructed me to have _____ (name), his or her _____ (relationship to Resident) to review the Agreement and determine whether or not to sign the Agreement. The Resident also authorized _____ (name)

___

[1] Underlining indicates blanks in the declaration form, which in the exhibit were filled in with handwriting.

to sign the Agreement on his or her behalf. I obtained the signed Agreement on

_____ (date); OR [4.] Other." Magallon drew a circle around the third option and filled in the first blank with "Deborah Ferrari" and the second blank with "wife." The remaining two blanks were not filled in.

Magallon then executed the declaration on July 5, 2020.[2] A drawing of a pinwheel serves as a signature.

In opposition to the motion, Ferrari submitted a declaration denying nearly all Magallon's factual assertions. She declared that her husband was not present when she signed the admission paperwork. She had no authority to sign on his behalf and never represented herself as having this authority. At the time of admission, he was fully capable of making his own decisions. Magallon never told Ferrari that Koelzer had instructed her to have Ferrari sign for him. No one asked her whether Koelzer could act on his own behalf. The arbitration agreement was not explained to her. She opined that her husband would never have waived his right to sue, and they never discussed the subject or whether Ferrari could sign an arbitration agreement on his behalf.

The trial court observed that there was no evidence Koelzer ever met with Magallon or authorized Ferrari to sign on his behalf in her presence. In her declaration, Ferrari denied that he was present when she and Magallon met. The court also noted the absence of a valid power of attorney and the absence of any evidence that Koelzer was incapable of making decisions for himself at the time of his admission to Capistrano to contradict Ferrari's evidence of his mental capacity. "[T]here are too many inconsistencies in the Declaration of Amy Magallon to establish that actual agency (or ostensible) was conferred upon [Ferrari] to waive [Koelzer's] right to a jury trial."

The court denied the petition to compel arbitration on the ground that Capistrano had not carried its burden to establish a valid agreement to arbitrate.

---

[2] The arbitration agreement itself was executed on July 5, 2020.

4

**DISCUSSION**

The party moving to compel arbitration bears the burden of establishing a valid agreement to arbitrate. (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development* (*US*), LLC (2012) 55 Cal.4th 223, 236.) Where the evidence is not in conflict, we independently review the trial court's decision. (*Rael v. Davis* (2008) 166 Cal.App.4th 1608, 1617.) Where the trial court's ruling is based on factual findings, however, we review for substantial evidence. And when the refusal to compel arbitration "'"is based on the court's finding that petitioner failed to carry its burden of proof, the question for the reviewing court is whether that finding was erroneous as a matter of law." [Citations.]'" (*Trinity v. Life Ins. Co. of North America* (2022) 78 Cal.App.5th 1111, 1121 (*Trinity*).) This means that appellant's evidence must be "'"uncontradicted and unimpeached"'" and "'"of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding."' [Citations.]" (*Ibid.*)

As the above discussion indicates, Capistrano's evidence was not "uncontradicted and unimpeached." Moreover, the court specifically decided that, based on the evidence before it, "it does not appear that [Koelzer] either met with Ms. Magallon or authorized his wife to sign the agreement on his behalf in Ms. Magallon's presence." This is a determination of credibility, which we lack the power to second guess. (*Trinity, supra,* 78 Cal.App.5th at p. 1124).

The arbitration agreement includes a provision precluding a resident's family members from suing in their individual capacity, and the signature line states that Ferrari signed as an individual. The trial court did not reach the issue of whether Ferrari's own claim for wrongful death was arbitrable. We return the matter to the trial court to make this determination.

## DISPOSITION

The matter is returned to the trial court to rule on the arbitrability of respondent's individual claim against appellants.  In all other respects, the order is affirmed.  The parties will bear their own costs on appeal.


                                         BEDSWORTH, ACTING P. J.

WE CONCUR:


MOTOIKE, J.


DELANEY, J.